**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LEE KINZER, TONY CHIRICO,**

        **Plaintiffs,**

**-vs-**                                              **Case No. 6:11-cv-465-Orl-28KRS**

**THIJS STELLING and WUPKE
STELLING-GRAVE.**

        **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT (Doc. No. 37)**
>
> **FILED:** **January 18, 2012**

**I.    PROCEDURAL HISTORY.**

On December 30, 2011, Plaintiffs Lee Kinzer and Tony Chirico filed their First Amended Complaint for Damages. Doc. No. 36. Plaintiffs alleged that Defendants Thijs Stelling and Wupke Stelling-Grave violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a), by failing to pay them for overtime worked. *Id.* On January 18, 2012, Defendants filed a motion to dismiss the first amended complaint. Doc. No. 37. Plaintiffs responded to the motion, Doc. No.

38, and it is now ripe for determination. The motion was referred to me for the issuance of a report and recommendation.

## II.   APPLICABLE LAW.

A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff and accept all factual allegations in the complaint as true. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986) (holding that the issue in a Rule 12(b)(6) motion to dismiss "is not whether [the plaintiff] may ultimately prevail on [his or her claim], but whether the allegations are sufficient to allow [the plaintiff] to conduct discovery in an attempt to prove the[] allegations."). Generally, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which the claim rests. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). This requires the plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the pleading standard under Rule 8 does not require detailed factual allegations, "it does demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*; *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.   ALLEGATIONS OF THE COMPLAINT**.

In the first amended complaint, Plaintiff Kinzer alleges that he worked for Melbourne Repair Enterprises, LLC d/b/a New Haven Exxon (New Haven Exxon) as a manager. Doc. No. 36 ¶ 4. Plaintiff Chirico alleges that he worked for New Haven Exxon as a cashier. *Id.* ¶ 5. Plaintiffs allege that they were engaged in commerce or in the production of goods for commerce. *Id.* ¶¶ 4,5. Plaintiffs alleged that New Haven Exxon "operated a retail gas station/automotive repair shop/convenience store and repaired automobiles and sold gasoline and other consumable items that had traveled in interstate commerce." *Id.* ¶ 6. Plaintiffs alleged that Defendants Stelling and Stelling-Graves were owners and/or operators of New Haven Exxon and were their employers under the FLSA. *Id.* ¶¶ 7-10.

**IV.   ANALYSIS.**

In their motion, Defendants contend that Plaintiffs failed to plead adequately that they were engaged in commerce or in the production of goods for commerce. Plaintiffs respond that they adequately pleaded both individual coverage and enterprise coverage.

Under the FLSA, an employer is required to pay overtime compensation if the employee can establish enterprise coverage or individual coverage. *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006). For individual coverage to apply, a plaintiff must show that he was (1) engaged in commerce or (2) engaged in the production of goods for commerce. *Id.* at 1266 (citing 29 U.S.C. § 207(a)(1)). For an employee to be engaged in commerce under the

-3-

FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using he instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel. *Id.* (citing 29 C.F.R. §§ 776.23(d)(2), 776.24.

With respect to enterprise coverage, a business must have "employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and has annual gross volume of sales made or business done of at least $500,000. *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (quoting 29 U.S.C. § 203(s)(1)(A)).

*A.     Individual Coverage.*

Defendants contend that Plaintiffs' allegation that they were engaged in commerce or in the production of goods for commerce is insufficient to sustain their claims. However, Plaintiffs alleged more than this conclusion. They also alleged that New Haven Exxon "operated a retail gas station/automotive repair shop/convenience store and repaired automobiles and sold gasoline and other consumable items that had traveled in interstate commerce." Doc. No. 36 ¶ 6. Kinzer alleged that he managed the business and Chirico alleged that he was a cashier for the business.

The cases relied upon by Defendants were not based on the same types of allegations in the first amended complaint. In *Perez v. Muab, Inc.*, Case No.10-62441-Civ, 2011 WL 845818 (S.D. Fla. Mar. 7, 2011), the only allegation regarding the plaintiff or her job duties was that she was a store manager for the defendant. The complaint did not state anything regarding the nature of the

business. *Id.*, at *1. The Court found that dismissal of the complaint was appropriate because the plaintiff alleged mere legal conclusions. *Id.*, at *3.

Defendants also cite *Bailey v. Cooper*, No. 10-81596-CIV, 2011 WL 818110 (S.D. Fla. Mar. 2, 2011), in support of their argument. In *Bailey*, the plaintiff did not make any factual allegations regarding the nature of the business at all. Accordingly, the court dismissed the complaint.

Defendants cite *Harden v. Asset Maintenance & Property Services, Inc.*, No. 3:11-cv-202-J-37JBT, 2011 WL 4596125 (M.D. Fla. Oct. 3, 2011), as well. In *Harden*, the plaintiffs alleged that they engaged in sweeper activities and that as part of their duties they routinely and repeatedly handled materials, goods and supplies which had traveled in interstate commerce. *Id.* at *3. The Court dismissed the complaint because the plaintiffs failed to sufficiently plead individual or enterprise coverage. *Id.* at *4.

In contrast, in the present case Plaintiffs alleged that New Haven Exxon operated a retail gas station/automotive repair shop/convenience store and repaired automobiles and sold gasoline and other consumable items that had traveled in interstate commerce. Other courts have found that individuals working for similar employers are subject to individual coverage under the FLSA. For example, in *Johnson v. James*, No. 92-0455-T-C, 1994 WL 637439 (S.D. Ala. May 17, 1994), the United States District Court for the Southern District of Alabama determined that plaintiffs who worked for an automotive oil change business were covered under the individual coverage provisions of the FLSA. The court stated several factors which indicated that the business was engaged in interstate commerce, including the nature of the business, which included changing oil and otherwise servicing automobiles. *Id.* at *2. The court stated it was reasonable to assume that

many of the defendant's local customers traveled out of state for business or pleasure after having their oil changed or having other work done at the business. *Id*. The business could also service out of state vehicles. *Id*. In addition, the court stated that the inventory of oil and other automotive parts that the business kept were part of interstate commerce even if they came from a distributor in the same state where the business was located. *Id*.

In determining that the oil change business qualified as being involved in commerce, the court relied on the following legislative history of the FLSA:

> It is pertinent that in the past gas stations enjoyed an exemption from the FLSA which has since been repealed. Section 213(b)(8) of the codified Act provided that employees of gasoline service stations were exempt from the maximum hour provision of the FLSA. This section was amended in 1966 to remove the gas station exemption. Pub. L. No. 89–601, § 201(b)(1), 80 Stat. 830. The legislative history of the amendment states that repeal of the overtime exemption was meant to extend overtime protection to employees of gasoline service stations. Senate Rep. No. 1487, 89th Cong., 2d Sess., reprinted in 1966 U.S.C.C.A.N. 3002, 3016.

*Id*. at *2. Thus, the legislative history shows that gas service station employees were engaged in commerce and were meant to be covered under the FLSA.

Similarly, in *Brennan v. Ventimiglia*, 356 F. Supp. 281, 282-83 (N.D. Ohio 1973), the court found that employees who serviced cars and sold products such as gasoline were engaged in commerce under the FLSA. That court also stated that "the products sold for automobiles would be those which would be expected to move in interstate commerce." *Id*. at 283 (citing *United States v. Darby*, 312 U.S. 100 (1941)).

Based on the allegations regarding the nature of Defendants' business, the jobs performed by each Plaintiff, and the FLSA legislative history and case law cited above, I recommend that the

Court find that Plaintiffs have adequately alleged the factual basis for individual coverage under the FLSA.

    *B.    Enterprise Coverage.*

In their motion to dismiss, Defendants assumed that Plaintiffs were only asserting individual coverage. However, Plaintiffs assert that they adequately pleaded enterprise coverage as well.

In their amended complaint, Plaintiffs do not allege that New Haven Exxon had $500,000 in annual sales or in business volume. Plaintiffs contend that their pleadings are, nevertheless, sufficient pursuant to the unpublished decision of *Secretary of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008) (per curiam). In *Labbe*, an opinion issued after *Twombly* but prior to *Iqbal*, the United States Court of Appeals for the Eleventh Circuit described the elements of an FLSA action as being "simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Id*. As an unpublished decision, *Labbe* is not precedent binding on this Court. Moreover, the motion to dismiss and for a more definite statement in *Labbe* did not challenge the allegations of the complaint regarding enterprise coverage. Rather, Defendant Labbe argued that the complaint was insufficient because it did not contain detailed allegations about the time period of each employee's claim and the amount of each employee's claim, among other things. *Sec'y of Labor v. Labbe*, Case No. 07-80192-CIV-HURLEY, Doc. No. 15 (S.D. Fla. July 12, 2007). The gist of Labbe's argument was that, without more specific information, he could not determine whether the claims of any of the employees were time barred. *Id*. In light of these facts, the Eleventh Circuit's decision in *Labbe* has no bearing on the issues presented here.

Plaintiffs also cite *Roberts v. Caballero & Castellanos, P.L.*, No. 09-23131-CIV, 2010 WL 114001 (S.D. Fla. Jan. 11, 2010), in which the court found the plaintiff's allegations regarding enterprise coverage to be sufficient. However, in *Roberts*, the plaintiff alleged that the business grossed in excess of $500,000 annually. *Id.*, at *3.

Accordingly, Plaintiffs have failed to adequately allege that the entity qualifies for enterprise coverage. *See, e.g., Perez*, 2011 WL 845818, at *2; *Bailey*, 2011WL 818110, at *2. Even though the complaint is insufficient to allege enterprise coverage, it need not be dismissed if the Court concludes that it adequately alleges individual coverage.

## V. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, Doc. No. 39, be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 28th, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy