# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LEE KINZER and TONY CHIRICO,**

        **Plaintiffs,**

**-vs-**                                        **Case No. 6:11-cv-465-Orl-28KRS**

**THIJS STELLING and WUPKE STELLING-GRAVE, individuals,**

        **Defendants.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE (Doc. No. 46)**
>
> **FILED:**      **June 20, 2012**

## I. PROCEDURAL HISTORY.

Plaintiffs Lee Kinzer and Tony Chirico seek the Court's approval of their settlement of claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*

## II. APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back

wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009),[1] the Eleventh Circuit observed that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at 351 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

### III. ANALYSIS.

Plaintiff Kinzer averred and Plaintiff Chirico each averred that he was owed $1,196.25 in minimum wages and $5,767.50 in overtime compensation, for a total of $6,963.75 plus an equal amount in liquidated damages. Doc. No. 22. Under the settlement, each of them will receive $7,192.97. Counsel for the parties represent each Plaintiff is receiving full compensation based on recalculation of damages following review of time and pay records. Doc. No. 46 at 4 & n.2. The parties did not enter into a formal settlement agreement. *Id.*

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

Based on this representation, Kinzer and Chirico have not compromised their claims. Because there is no compromise, the Court need not determine whether the attorney's fees paid under the settlement agreement are reasonable. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1226 n. 6 (M.D. Fla. 2009).

Accordingly, I recommend that the Court find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354.

## IV. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2. **GRANT in part** the Joint Motion for Approval of Settlement and Dismissal of Action with Prejudice, Doc. No. 46;

3. **DECLINE** to reserve jurisdiction to enforce the settlement;

4. **PROHIBIT** counsel from withholding any of the amounts payable to Plaintiffs under the settlement under a contingent fee agreement or otherwise;

5. **ORDER** counsel for Plaintiffs' to provide a copy of the Court's Order to Plaintiffs;

6. **DISMISS** the case with prejudice; and,

7. **DIRECT** the Clerk to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 5th , 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy